# IN THE COURT OF APPEALS 04/23/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-00046 COA

GUS MOSS

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. HENRY T. ROSS

COURT FROM WHICH APPEALED: GRENADA COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

GAIL P. THOMPSON

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL BY: W. GLENN WATTS

DISTRICT ATTORNEY: DOUG EVANS

NATURE OF THE CASE: CRIMINAL: AGGRAVATED ASSAULT

TRIAL COURT DISPOSITION: GUILTY ON TWO COUNTS. SENTENCED TO SERVE 20
YEARS IN MDOC ON EACH COUNT. SENTENCES TO RUN CONSECUTIVELY.


BEFORE THOMAS, P.J., DIAZ, AND KING, JJ.

DIAZ, J., FOR THE COURT:

Gus Moss (Moss) was convicted in the Grenada County Circuit Court on two counts of aggravated assault. He was sentenced to serve two twenty (20) year sentences in the Mississippi Department of Corrections. The sentences were to run consecutively. Aggrieved from this judgment, Moss appeals to this Court asserting the following issues: (1) that the trial court erred when it excluded all the testimony of a defense witness when the witness invoked his Fifth Amendment rights; (2) that the trial court erred when the two victims were allowed to testify after having been in the courtroom during the testimony of another witness after the rule had been invoked; (3) that the trial court erred in denying defense instruction D-10; (4) that the trial court erred in not granting a new trial; (5) that the verdict was contrary to the weight of the evidence; and (6) that the cumulative effect of the errors deprived Moss of a fair trial. Finding no merit to these claims, we affirm the judgment of the lower court.

## FACTS

On the night of May 21, 1994, Robert Salley and his cousin Linda Salley were each shot in the leg outside of the Knoxville Country Club, a local dance club. Witnesses testified that an altercation between two patrons initially began on the dance floor. Apparently, one of the girls that was involved in the fight was Felicia Moss, Gus Moss' sister. The girls were pulled apart, but eventually the fight erupted again outside of the club. Patrick Hubbard, who was working at the club that night tried to stop the fight when a series of gunshots were fired. Witnesses stated that there was more than one gun that was fired. Robert Salley and Linda Salley were both shot in the leg. The crowd scattered, and Moss drove off with his sister and a few of his friends.

Both Robert Salley and Linda Salley testified that Moss was the one who shot them. Witnesses for the defense testified that Moss did not have a gun at the time the shots went off. Defense witnesses uniformly testified that Moss was trying to help Felicia get into the car because she was having an asthma attack; however, it was later revealed that Felicia does not suffer from asthma, but was hyperventilating. Moss was later arrested along with Cyphus Mohead. A gun was found in Mohead's pants when police searched him.

## DISCUSSION

## I. CYPHUS MOHEAD'S TESTIMONY

Moss claims that the trial court erred in excluding the entire testimony of Cyphus Mohead (Mohead) after he invoked his Fifth Amendment privilege of self-incrimination. The defense called Mohead as a witness. Mohead fled the scene with Moss after the incident. They were both arrested, and a handgun was found in Mohead's pants when he was searched. Mohead was charged as a habitual offender with a felony possession of a firearm. His attorney advised him that if he was charged and convicted based on the testimony he intended to give, he could face a sentence of twenty years for each count of aggravated assault without the possibility of parole. Based on the facts of this case, he was warned

that he may face fifteen to twenty counts of aggravated assault for firing into the crowd that night. Despite warnings and an advisement of his Fifth Amendment right against self-incrimination from both the court and his court-appointed attorney, Mohead insisted on testifying. On direct examination, Mohead testified that he was shooting into the crowd that night in front of the Knoxville Country Club. He stated that he was aiming at Robert Salley and Patrick Hubbard because they were holding down Felicia Moss. He further stated that he was testifying because he did not want, "no man going down for something he didn't do." Later, on cross-examination, the State asked Mohead where he had obtained the gun that was found on him. At that point, Mohead chose to invoke his Fifth Amendment right against self-incrimination. The court excused him from the stand and upon motion from the State, instructed the jury to disregard Mohead's entire testimony.

In *Fountain v. United States*, the Fifth Circuit Court of Appeals stated that if a witness testifies on direct examination to incriminating matters, he is considered to have waived the privilege as to those matters and may not, on cross, decline to answer questions as to details of the matters already revealed. *Fountain v. United States*, 384 F.2d 624, 627 (5th Cir.). "However, if the testimony sought to be elicited on cross is not merely a more detailed inquiry into matters as to which the witness already has waived his right, the witness may invoke the privilege." *Fountain*, 384 F.2d at 628. "Where the privilege is legitimately invoked by a witness during cross-examination, all or part of that witness's direct testimony may be subject to a motion to strike." *Id.* In the *Fountain* case, the inquiry focused on the rights of the defendant when a State's witness invoked the privilege. The court stated that the ultimate inquiry was whether the defendant has been substantially prejudiced by depriving him of his right to test the truth of the direct testimony. *Id.*

In the present case, Mohead, a witness for the defense, asserted his privilege when the State asked him about the gun he used. The direct examination of Mohead only covered the actual shooting and subsequent arrest. The only mention of the gun on direct was when Mohead stated that the police found the gun in his pants subsequent to his arrest. There were no questions asked about how or from where Mohead got the gun. Since this topic was not covered on direct examination, there was no waiver of the privilege, therefore it was properly invoked. The question asked on cross-examination was probing into the issue of from whom Mohead obtained the gun. Mohead had not waived his rights on that issue. Even if we were to hold that the topic was covered on direct, and thus subject to cross-examination, we must still focus on the inquiry of whether or not Moss was substantially prejudiced by the court depriving him of his right to test the truth of the direct testimony.

Although the case at bar is different from the *Fountain* case because it is the defendant's witness that is invoking the privilege on cross-examination, we do not think that Moss was substantially prejudiced because Mohead's entire testimony was struck. The defense was still able to introduce into evidence the testimony of several other witnesses who stated that they saw Mohead with the gun, and not Moss. Hence, we hold that Mohead properly invoked his privilege against self-incrimination; it was not reversible error to strike his entire testimony.

## II. ROBERT AND LINDA SALLEY'S TESTIMONY

### AFTER THE RULE WAS INVOKED

Moss' second contention of error is that the trial court should not have allowed either Robert Salley

or Linda Salley to testify because they were in the courtroom for a portion of the previous witness' testimony. Moss contends that since Rule 615 of the Mississippi Rules of Evidence was invoked, it was reversible error for the trial court to allow Robert and Linda Salley to proceed with their testimony.

Rule 615 of the Mississippi Rules of Evidence states in pertinent part:

> At the request of the party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and that it may make the order of its own motion.

M.R.E. 615. This rule serves to discourage a witness from tailoring her testimony to what she has heard from the stand. *Baine v. State*, 606 So. 2d 1076, 1083 (Miss. 1992). As indicated by the mandatory language, the trial court must apply it when a party invokes it. *Baine*, 606 So. 2d at 1083. Once the rule has been violated, the remedy lies within the court's discretion. *Id.* However, the failure of the lower court judge to order a mistrial due to a violation of the witness sequestration rule will not justify a reversal on appeal absent a showing of prejudice sufficient to constitute an abuse of discretion. *Powell v. State*, 662 So. 2d 1095, 1098 (Miss. 1995) (citations omitted).

Upon reviewing the record, we see that the trial court overruled the defense's motion to exclude Robert and Linda Salley from testifying. In his ruling, the judge stated, "The motion is overruled. The witnesses were not in the courtroom more than ten seconds, and heard perhaps two questions asked of the witness, Deputy Williams, regarding his employment. The Court finds these questions have no bearing on the actual facts in this case, and the objection is overruled." The record does not reflect that any prejudice resulted.

Robert Salley testified in great detail of the events leading up to the shooting, and immediately after the shooting. His testimony was basically corroborated by Linda Salley's testimony. Deputy Williams' testimony simply began with his employment history, and then recounted his actions once he got to the scene of the incident after the shootings. It simply does not appear from the testimony that either Robert Salley or Linda Salley could have tailored their testimony from what, if anything, they heard of Deputy Williams' testimony. There is no reversible error here.

### III. DEFENSE INSTRUCTION D-10

Moss asks this Court to reverse and remand this case because the trial court erred in refusing defense instruction D-10. Moss argues that this instruction should have been given because it instructs the jury on the standard of proof the State is required to carry before Moss can be found guilty. We find that the standard of proof was sufficiently covered in the instructions given; accordingly, we find no merit to this argument.

We first address the fact that no objection was made by Moss when the instruction was initially refused by the court. This issue is procedurally barred. This Court has repeatedly held that the error, if any, is waived if no contemporaneous objection is made. *Foster v. State*, 639 So. 2d 1263, 1270 (Miss. 1994). Moss' failure to object precludes us from addressing this issue on appeal. Nevertheless, despite the procedural bar, the substantive merits of this issue do not warrant us to reverse this case.

"This Court does not review jury instructions in isolation." *Eakes v. State*, 665 So. 2d 852, 871

(Miss. 1995). "All instructions are to be read together and if the jury is fully and fairly charged by other instructions, the refusal of any similar instruction does not constitute reversible error." *Eakes*, 665 So. 2d at 871. "Refusal of a repetitive instruction is proper." *Id.*

After reviewing all of the jury instructions, we are satisfied that the jury was fully and fairly charged. We think that jury instructions D-8 and S-1 sufficiently addressed the standard of proof the State was required to prove. Giving instruction D-10 would have been merely repetitive, and the trial court was correct in excluding it.

## IV. NEW TRIAL/ WEIGHT OF THE EVIDENCE

Moss asserts that he should have been granted a new trial because of the errors he asserted above, and that the verdict was against the overwhelming weight of the evidence. We have often stated that issues regarding the weight and credibility of evidence lie with the jury. *Eakes*, 665 So. 2d at 872. We will reverse only where the evidence, as to at least one of the elements of the crime charged, is such that a reasonable and fair minded juror could not find the accused guilty. *Id.* Furthermore, this Court will order a new trial only when it is convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it would sanction an unconscionable injustice. *Id.* (citations omitted). In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court accepts as true all evidence which supports the verdict and will reverse only when convinced that the trial court has abused its discretion in failing to grant a new trial. *Id.*

Robert Salley testified that he saw Moss fire the shots that hit him in the leg. Linda Salley's testimony reflects that she saw Moss run up to the crowd outside shooting. She testified that she was standing a few feet away from Moss when he shot her in the left leg. Accepting this evidence as true as we are required to do, we do not think that the verdict was against the overwhelming weight of the evidence, nor do we think the trial court abused its discretion in failing to grant a new trial.

## V. CUMULATIVE ERRORS

Moss suggests that even if we do not find reversible error in each individual error asserted, the cumulative effect of the errors deprived him of a fundamentally fair trial, and therefore, we should reverse this case.

After a thorough review of the record and each assignment of error, we have found no error warranting reversal. The cumulative effect of any errors in this case was harmless beyond a reasonable doubt. *See Carr v. State*, 655 So. 2d 824, 858 (Miss. 1995). We find no merit to this assignment of error.

## CONCLUSION

In conclusion, we find that Mohead appropriately invoked his Fifth Amendment privilege against self-incrimination, and because Moss was not substantially prejudiced, it was not reversible error for the trial court to strike Mohead's entire testimony. Furthermore, under the circumstances as observed by the trial court, it was not an abuse of discretion for the trial judge to allow Robert and Linda Salley to testify even though the rule had been invoked. Upon reviewing the record, and the evidence

presented, we hold that the jury was fully and fairly charged with the instructions that were given; moreover, the verdict was not against the overwhelming weight of the evidence. It is for these reasons that we affirm the judgment below.

**THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT OF CONVICTION OF TWO COUNTS OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS FOR EACH COUNT WITH THE SENTENCE ON COUNT II TO RUN CONSECUTIVELY WITH THE SENTENCE ON COUNT I AND ANY OTHER SENTENCE PREVIOUSLY IMPOSED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO GRENADA COUNTY.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR**.

<u>APPENDIX</u>

**Instruction D-10**

The Court instructs the [j]ury that if you have a reasonable doubt as to who fired the shots that struck Linda Salley, then you must find the Defendant, Gus Moss, "Not Guilty" as to the charge of aggravated assault on Linda Salley.

The Court further instructs the [j]ury that is you have a reasonable doubt as to who fired the shots that struck Robert Salley, then you must find the Defendant, Gus Moss, "Not Guilty" as the charge of aggravated assault on Robert Salley.

**Instruction D-8**

The Court instructs the jury that a reasonable doubt may arise from the whole of the evidence, the conflict of the evidence, the lack of evidence, or the insufficiency of the evidence; but however it arises, if it arises, it is your sworn duty to find the defendant "Not Guilty".

**Instruction S-1**

The defendant, Guss [sic] Moss, has been charged in a multi-count indictment with two (2) counts of Aggravated Assault.

As to Count I, if you believe from all the evidence in this case beyond a reasonable doubt that:

1. the defendant, on or about the 21st day of May, 1994, did unlawfully, feloniously, purposely, knowingly or recklessly under circumstances manifesting extreme indifference for the value of human life cause bodily injury to another, namely; Linda Salley, and

2. such injury was done with a deadly weapon, to-wit: a gun, and

3. the defendant was not acting in necessary self-defense,

then you shall find the defendant guilty as charged in Count I.

If the State has failed to prove any one of the above elements as to Count I beyond a reasonable doubt, then you shall find the defendant not guilty of Count I.

As to Count II, if you believe from all the evidence in this case beyond a reasonable doubt that:

1. the defendant, on or about the 21st day of May, 1994, did unlawfully, feloniously, purposely, knowingly, or recklessly under the circumstances manifesting extreme indifference for the value of human life cause bodily injury to another, namely; Robert Salley, and

2. such injury was done with a deadly weapon, to wit: a gun, and

3. the defendant was not acting in necessary self-defense,

then you shall find the defendant guilty as charged as to Count II.

If the State has failed to prove any one of the above elements in Count II beyond a reasonable doubt, then you shall find the defendant not guilty as to Count II.