852 So.2d 51 (2002)
McKinzley BOUNDS, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01467-COA.
Court of Appeals of Mississippi.
November 5, 2002.
Rehearing Denied January 7, 2003.
Certiorari Denied April 17, 2003.
*53 Bradley Stuart Peeples, Coffeeville, Bobby T. Vance, Batesville, Attorneys for Appellant.
Office of the Attorney General, by John R. Henry, Attorney for Appellee.
Before SOUTHWICK, P.J., THOMAS and CHANDLER, JJ.
THOMAS, J., for the Court.
¶ 1. McKinzley Bounds, Jr. was convicted of the sale of cocaine and sentenced to twenty years in the custody of the Mississippi Department of Corrections. Aggrieved he asserts the following on appeal:
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO INSURE A FAIR AND IMPARTIAL JURY.
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING INTO EVIDENCE VIDEOTAPE AND HEARSAY TESTIMONY CONTRARY TO MISSISSIPPI RULES OF EVIDENCE.
III. THE JURY VERDICT WAS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
Finding no error, we affirm.

FACTS
¶ 2. McKinzley Bounds, Jr. was arrested for the sale of cocaine in Water Valley. Pam Bell was a confidential informant in the case at bar. Bell acted as the buyer for the North Mississippi Narcotics Unit in order to prevent prosecution against her for drug charges, which is a very routine practice in this field of law enforcement. Prior to the interaction with Bounds, Bell was put through the usual pre-buy routine. She was searched, the car was searched, a microphone was placed on her to maintain audio contact, and a video recorder was placed in the vehicle to capture the events as they unfolded. Accompanying Bell on this buy was Agent Sandy Townsend.
¶ 3. Townsend and Bell pulled their vehicle in front of a brick house on Buena Vista Drive. Luster Pomlee approached the vehicle and Bell asked Pomlee if he knew where Kunta was. He stated he did not. Soon after this Bounds arrived. Bounds was the target of the drug bust. Agent Townsend testified that Bounds walked to the driver's side door and asked, "What we need," to which Bell replied, "We want to get a ball." Bounds then walked away for a minute behind some bushes by a car which was parked there. He returned and told Bell to come inside, *54 at which point Bell, Bounds, Pomlee, and another unidentified male entered the house. Bell entered the house with $125 provided to her by the narcotics agency. A couple of seconds later Bell exited the house, got into the vehicle and handed Agent Townsend a bag containing crack.
¶ 4. The testimony of Townsend, Bell, and Thomas, one of the officers working the case, are all corroborated by the videotape. Audio equipment malfunctioned and was unable to record what was said but still was able to capture sounds and verbal contact and transmit them. Therefore, the agents listening heard everything that took place but a recording was not able to be preserved. Agent Thomas, one of the agents listening to the audio transmission, testified at trial as to what he perceived of the scene. His account was based on the video and audio transmission.

I. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN FAILING TO INSURE A FAIR AND IMPARTIAL JURY?
¶ 5. Bounds asserts that he was not provided with a jury venire of a fair cross-section of his community. He also asserts that the trial court erred in not conducting a Batson hearing to determine if the State properly used its peremptory challenges or if they were racially motivated. Bounds made no objection in the trial court to any of the State's peremptory strikes, he never asked that the State articulate race neutral reasons for those strikes, nor did he object to the final composition of the jury. Conner v. State, 632 So.2d 1239, 1264 (Miss.1993)(overruled on other grounds). Bounds only objected to the make up of the venire and stated that he objected to the way the State exercised its strikes. For these reasons, this issue is deemed waived for the purposes of this appeal; procedural bar notwithstanding, we nonetheless find this issue to be without merit.
¶ 6. In Lanier v. State, 533 So.2d 473 (Miss.1988), the Mississippi Supreme Court enumerated the requirements necessary for a defendant to prove a violation of the fair cross-section requirement for an impartial jury:
(1) the group alleged to be excluded is a "distinctive" group in the community;
(2) the representation of this group in venire from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and
(3) this under representation is due to systematic exclusion of the group in the jury selection process.
Lanier, 533 So.2d at 477. In rejecting the defendant's claim, the court in Lanier noted that the defendant offered no proof that the county's method of drawing veniremen was discriminatory. Id. Here, Bounds makes no argument backing his position except to object to the makeup of the jury venire. Rather than prove the third element, Bounds asks this Court to assume that the low representation of black persons is part of a systematic discriminatory practice within Yalobusha County until the State proves otherwise. Therefore, just like the defendant in Lanier, Bounds offers no proof that Yalobusha County's random jury selection process was discriminatory; therefore, Bounds' assignment of error is without merit.
¶ 7. A Batson analysis is a three part inquiry. First, the objecting party is required to make a prima facie showing that peremptory strikes are being exercised on the basis of race. Second, after the objecting party makes such a showing the burden then shifts to the party exercising the strikes to offer a race-neutral reason for the challenge. Third, the court must determine if the opposing party has met the burden of proving that purposeful *55 discrimination was the motive behind the challenges. Taylor v. State, 733 So.2d 251 (¶ 30) (Miss.1999).
¶ 8. The State used six peremptory strikes, five of which were used on white individuals. There was no Batson claim made until Bounds' motion to strike the jury venire failed. The objection was stated that maybe Bounds had a problem with the State's exercise of its peremptory challenges. This was not a proper objection.

II. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR BY ALLOWING INTO EVIDENCE VIDEOTAPE AND HEARSAY TESTIMONY CONTRARY TO MISSISSIPPI RULES OF EVIDENCE?
¶ 9. On appeal, Bounds argues that the admission of the tape into evidence violated Rules 403 and 404(b) of the Mississippi Rules of Evidence. He also contends on appeal that the testimony of Agent Thomas regarding what he heard during the audio transmission was hearsay testimony in violation of Rules 803 and 804 of the Mississippi Rules of Evidence.
¶ 10. In order to preserve an objection on appeal, the defendant must object on the same ground at trial. Norman v. State, 302 So.2d 254, 259 (Miss. 1974). Failure to object at trial waives the objection on appeal. Id. Judicial discretion is required to determine the admissibility of evidence under this rule, and the judge's ruling will not be overturned on appeal except for an abuse of discretion. Leatherwood v. State, 548 So.2d 389, 401 (Miss. 1989).
¶ 11. Appellate review of determinations of whether to admit hearsay is limited to whether an error of law occurred, and if it did not, then appellate review is limited to the abuse of discretion standard. Baine v. State, 606 So.2d 1076, 1078 (Miss.1992). Failure to lodge a protest to hearsay evidence at the trial level prevents us from considering the matter on appeal as we will not hold a court in error on a matter that was not presented for its review. Hall v. State, 691 So.2d 415, 420 (Miss.1997). Mere errors in evidentiary rulings by the trial court, unless accompanied by some adverse effect on "a substantial right" of the defendant, do not require reversal on appeal. M.R.E. 103(a); Newsom v. State, 629 So.2d 611, 614 (Miss. 1993). It is the duty of the appellant, not only to demonstrate error in the introduction of the evidence, but also to show the prejudice to the defense that arose from that erroneous ruling. See Flowers v. State, 726 So.2d 185 (¶ 17) (Miss.Ct.App. 1998).
¶ 12. Bounds cites a plethora of cases none of which pertain in any way to the case sub judice. At trial, Bounds made no objection at all regarding the admission of the tape into evidence. The introduction of the video into evidence was proper as the video corroborated the testimony of the agents and the confidential informant, Bell. The tape also provided evidence of Bounds' identity. To the extent that the videotape was inaudible, that was a factor for the jury to weigh in determining whether the State proved beyond a reasonable doubt that Bounds participated in the cocaine sales. See Middlebrook v. State, 555 So.2d 1009, 1013 (Miss.1990).
¶ 13. Bounds objects to the testimony of Agent Thomas. Bounds' objections at trial were in no way related to hearsay objection but were regarding the quality of Thomas' knowledge regarding what was occurring and being said. Specifically Bounds questioned, "I don't know how he can tell what she is asking right there," regarding statements being made by Bell. A trial judge cannot be put in error on a matter not presented to him for *56 his decision. Mills v. Nichols, 467 So.2d 924, 931 (Miss.1985). A contemporaneous objection is required to preserve an error for appellate review. Smith v. State, 530 So.2d 155, 161-62 (Miss.1988). Bounds is subject to a procedural bar on this issue. Chase v. State, 645 So.2d 829, 835 (Miss. 1994).

III. WAS THE JURY VERDICT AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE?
¶ 14. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is well settled. "[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Dudley v. State, 719 So.2d 180, 182 (¶ 8) (Miss. 1998).
¶ 15. Bounds asserts no particular reason why the verdict is against the weight and sufficiency of the evidence. He states only that the verdict is unconscionable. While his vigor in regards to not wanting to remain incarcerated is understood, this Court addresses issues based on their merit. This issue lacks merit.
¶ 16. On review, the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Dudley, 719 So.2d at 182. This Court does not have the task of reweighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible. The law provides:
Jurors are permitted, indeed have the duty, to resolve the conflicts in the testimony they hear. They may believe or disbelieve, accept or reject the utterances of any witness. No formula dictates the manner in which jurors resolve conflicting testimony into finding of fact sufficient to support their verdict. That resolution results from the jurors hearing and observing the witnesses as they testify, augmented by the composite reasoning of twelve individuals sworn to return a true verdict. A reviewing court cannot and need not determine with exactitude which witness or what testimony the jury believed or disbelieved in arriving at its verdict. It is enough that the conflicting evidence presented a factual dispute for jury resolution.
Langston v. State, 791 So.2d 273, 280 (¶ 14) (Miss.Ct.App.2001) (citing Groseclose v. State, 440 So.2d 297, 300 (Miss.1983)). We see no basis for doubting the verdict. The trial judge did not abuse his discretion when he denied the motion for a new trial or judgement notwithstanding the verdict.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF YALOBUSHA COUNTY OF CONVICTION OF THE SALE OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $5,000 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO YALOBUSHA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.