761 So.2d 944 (2000)
Author BROOKS a/k/a Arthur Brooks, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01751-COA.
Court of Appeals of Mississippi.
June 13, 2000.
*946 William C. Trotter, III, Belzoni, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris Jr., Attorneys for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Author Brooks was convicted of the sale of cocaine by a Humphreys County Circuit Court jury. On appeal he alleges that the evidence was insufficient or at least so lacking as to require a new trial, that a videotape of the transaction and the crack cocaine itself were improperly admitted into evidence, that a motion for a mistrial should have been granted, and that he did not receive effective assistance of counsel at trial. We disagree with these arguments and affirm.

FACTS
¶ 2. On October 30, 1997, Kenneth Barron and Maurice Fleming, agents with the North Central Narcotics Task Force, went to Humphreys County to participate in undercover narcotics purchases. Barron and Fleming were driving an undercover vehicle which was fitted with a camera to be used to record the undercover transactions. The camera was able to be moved to focus on either of the front windows of *947 the vehicle. During the course of a transaction with the appellant, Author Brooks, the camera was not pointed at the correct window. The videotape of Brooks's transaction does not show anything other than Brooks standing at the driver's side window of the car. The videotape lasts approximately fifteen seconds. Both Barron and Fleming testified that the actual transaction was not recorded but that it did occur out of sight of the camera.
¶ 3. After receiving the crack cocaine from Brooks, Barron testified that he placed the drugs in an evidence envelope, sealed it and put the envelope in his briefcase. Fleming testified instead that Barron placed the envelope in the glove compartment first, then in his briefcase. The agents were consistent in testifying that the drugs were placed first in an evidence envelope. Barron took his briefcase and the drugs to his home that evening. The next day he checked the drugs into the evidence locker in Greenwood.
¶ 4. The drugs were next sent to the State Crime Laboratory in Jackson where they were analyzed and determined to be cocaine. The drugs were returned to Greenwood. Approximately one week before trial the drugs were retested by the laboratory, and again it was determined that the substance in the evidence envelope was cocaine.
¶ 5. Following a jury trial, Author Brooks was found guilty of sale of cocaine.

DISCUSSION

I. Directed verdict, new trial and judgment notwithstanding the verdict
¶ 6. Brooks alleges that error occurred when the trial court denied his motions for a directed verdict, a new trial and judgement notwithstanding the verdict.
¶ 7. The standard of review for the denial of directed verdict and judgment notwithstanding the verdict are identical. Coleman v. State, 697 So.2d 777, 787 (Miss. 1997). Each tests the sufficiency of the evidence as a matter of law, viewing the evidence in the light most favorable to the verdict. May v. State, 460 So.2d 778, 780-81 (Miss.1984).
¶ 8. A motion for a new trial does not test the sufficiency but only the weight of evidence. This Court will not order a new trial unless we are convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would countenance an unconscionable justice. McNeal v. State, 617 So.2d 999, 1009 (Miss.1993).
¶ 9. Brooks argues that the agents were mistaken in their identification of him since they only observed Brooks for a short period of time and did not see him again until trial. In addition, Brooks asserts that the State failed to prove that Brooks knew the substance he was selling was cocaine.
¶ 10. The agents testified that they had a good opportunity to observe Brooks during the drug transaction. They asked Brooks for a rock of cocaine which he sold them for $20. The reasonable inference from this is that Brooks knew the substance was cocaine. It is for the jury to determine the weight and credibility of a witness's identification of the defendant as the perpetrator of a crime. Kimbrough v. State, 379 So.2d 934, 936 (Miss.1980).
¶ 11. Here there was sufficient evidence presented that could lead a reasonable jury to convict Brooks of the crime. We cannot say that the overwhelming weight of evidence favored acquittal. Consequently, we find no error in the trial court's denial of these motions.

II. Admission of videotape
¶ 12. Brooks next asserts that the trial court erred in admitting the videotape taken by the agents. Brooks's argument centers around the fact that the tape did not capture the actual transaction and only featured Brooks talking to Barron at the window of the car for approximately fifteen *948 seconds. Brooks asserts that because the videotape does not show any illegal activity it has no probative value and is irrelevant.
¶ 13. Brooks correctly states that the rules for the admission of videotapes are the same as those for the admission of photographs. See Holland v. State, 587 So.2d 848, 864-65 (Miss.1991). The admissibility of evidence is within the sound discretion of the trial court. Baine v. State, 606 So.2d 1076, 1078 (Miss.1992).
¶ 14. When coupled with the agents' testimony of what occurred immediately before and after the taping, the videotape was relevant to proving that the transaction occurred and that Brooks was the offender. The tape revealed part of the mosaic, even if not all of it. The videotape had relevance and probative value. There was no error in its admission.

III. Motion for mistrial
¶ 15. The State asked three questions that referred to the substance in the evidence envelope as cocaine when there was as yet no evidence introduced making that identification. Each question was objected to by Brooks, and the objections were sustained by the trial court. Brooks moved for a mistrial during a bench conference after the third question. The trial court denied that motion, but instructed the State that the substance could not be referred to as cocaine until it was identified as such by the proper witness.
¶ 16. A mistrial should be declared when misconduct by an attorney causes "substantial and irreparable prejudice" to the other party. URCCC 3.12. The trial judge is permitted considerable discretion in determining whether a mistrial is warranted since the judge is best positioned for measuring the prejudicial effect. Roundtree v. State, 568 So.2d 1173, 1182 (Miss.1990).
¶ 17. Had no evidence ever been introduced that this was in fact cocaine, perhaps there would have been substantial prejudice by the questions. There also would have been no case and a directed verdict would have been appropriate. Later during the trial, a witness from the crime laboratory who tested the substance identified it as cocaine. When that occurred, evidence was before the jury that this was contraband. No substantial, indeed probably no prejudice to the accused occurred by the State's asserting that fact prematurely.

IV. Admission of cocaine
¶ 18. Brooks asserts that the cocaine purchased from him by the agents was improperly admitted because there were breaks in the chain of custody. The test of whether there has been a proper showing of the chain of possession of evidence is whether there is any reasonable inference of likely tampering with or substitution of evidence. Gibson v. State, 503 So.2d 230, 234 (Miss.1987). The burden to produce evidence of a broken chain of custody is on the defendant. Hemphill v. State, 566 So.2d 207, 208 (Miss.1990). In addition, the significance of issues regarding the chain of custody are largely left to the discretion of the trial judge. Unless this discretion has been abused, this Court will not reverse. Doby v. State, 532 So.2d 584, 588 (Miss.1988).
¶ 19. Brooks focuses on the discrepancy in the testimony of the agents. Agent Barron testified that he placed the cocaine in the evidence bag and then put it in his briefcase. Agent Fleming testified that Agent Barron placed the cocaine in the evidence bag and then put it in the glove compartment before placing it in his briefcase. The consistent testimony of the agents, however, was that the cocaine was placed in the evidence bag and sealed before it was placed in either the glove compartment or the briefcase. This small discrepancy is not enough to raise an inference of tampering.
¶ 20. Also, Brooks focuses on the fact that the agents could not account for the *949 whereabouts of the cocaine when it was not in their possessiona period of approximately one year. There was no testimony which would raise an inference of tampering. Agent Barron put the cocaine in his briefcase and took it to his home that evening. The next day he took the cocaine to Greenwood where it was placed in the evidence vault. The cocaine was taken from the vault to the Crime Laboratory in Jackson where it was analyzed and then returned to Greenwood.
¶ 21. Immediately prior to trial, the cocaine was again taken to the Crime Laboratory to be retested. It remained at the Crime Laboratory, in the evidence vault, until Agent Barron picked it up the morning of the trial. The State admits in its brief that gaps in the chain of custody exist. However, the gaps admitted to here are not enough to raise a reasonable inference of tampering or substitution of evidence. Brooks would have us hold that not being able to detail where evidence is on any given day between its collection and trial raises an inference of tampering. This we decline to do. "Proof of the chain of custody is intended to satisfy the fact-finder of the identity and validity of evidence. Without doubts being raised, a break in the chain does not bar introduction." Wells v. State, 604 So.2d 271, 277 (Miss.1992). Here Brooks raised no doubts about the validity of the evidence.

V. Ineffective assistance of counsel
¶ 22. Brooks asserts in his final assignment of error that his representation at trial was deficient. In particular, there was no pre-trial motion to suppress the videotape, counsel did not interview a witness prior to trial, counsel did not object to the jury instruction concerning sale or transfer or delivery of a controlled substance, counsel did not object to the cocaine being admitted to evidence without a showing of chain of custody, and counsel did not cross-examine the agents about the discrepancy in their testimony and their policy and procedures for undercover drug purchases.
¶ 23. Before we address the merits of Brooks's final assignment of error, we must note that Brooks's counsel on appeal also served as his trial counsel. This is, "in essence, the attorney claiming his own ineffectiveness." Minnick v. State, 551 So.2d 77, 98 (Miss.1988). The standard applied here is relevant for all ineffective assistance of counsel claims. Id. at 99.
In a case that involves ineffective assistance of counsel, the test that governs is that which was set out by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test has been adopted by this Court, and governs in this case. In order to prove that counsel was ineffective a defendant must show 1) counsel's performance was deficient, and 2) the deficiency prejudiced the defense. Both parts of this test must be met for a defendant to prove ineffective assistance of counsel. There is also a presumption that trial counsel is competent, and that counsel's conduct is reasonable.
Lindsay v. State, 720 So.2d 182, 184 (Miss. 1998) (some citations omitted).
¶ 24. The first instance of alleged ineffectiveness was the failure to move for suppression. There were two narcotics agents who linked the videotape to Brooks. Even though the actual transaction was not recorded, the tape had relevance, as the trial court recognized and as we have agreed. Brooks objected to the tape being introduced into evidence and was overruled. There is no reason to believe that a motion to suppress would have had a different result.
¶ 25. The second cited deficiency is that counsel did not interview a witness, Andy Ledbetter, prior to trial. Brooks does not detail how or why this was deficient conduct or how it prejudiced his defense. The witness did not testify at trial and did not present any evidence. Brooks *950 does not present any argument or cite in his brief which would enlighten this court as to the substance of Ledbetter's possible testimony.
¶ 26. The third claimed deficiency is that counsel did not object to the jury instruction stating that there was a sale or transfer or delivery of the controlled substance. A review of the jury instructions does not reveal any misstatements of law which would warrant a reversal. Thus there was no deficient performance by counsel in not objecting to the instruction.
¶ 27. The fourth claim is that counsel failed to object to the cocaine being entered into evidence without a showing of a chain of custody. However when the State sought to have the cocaine introduced counsel objected that the chain of custody had not been established. The objection was overruled and the cocaine was admitted into evidence. That indicates proper trial technique.
¶ 28. Finally Brooks asserts that counsel was ineffective because he failed to cross-examine Agent Fleming concerning why his testimony differed from Agent Barron's. Brooks also asserts that his counsel was ineffective because he did not delve into the policies and procedures of making an undercover drug buy. At trial, however, counsel vigorously cross-examined Agent Fleming as to where the cocaine was placed. He also discussed the discrepancy in closing arguments. This was far from being deficient performance.
¶ 29. Additionally, both Agent Barron and Fleming testified at length about the procedure for securing evidence on undercover drug buys. There was nothing which would indicate that further examination would have benefitted Brooks or affected the outcome of the proceedings. Thus counsel was not ineffective. This assignment of error is without merit.
¶ 30. THE JUDGMENT OF THE HUMPHREYS COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED AGAINST HUMPHREYS COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.