KING, P.J.,
for the Court.
¶ 1. Hollis Price, Jr. was found guilty in the Circuit Court of Monroe County of the sale of cocaine. He was sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections, with fifteen years suspended, and placed on five years of post-release supervision. Price appeals his conviction arguing (1) that the verdict is against the overwhelming weight of the evidence and (2) that the trial court erred in denying his motion for a new trial.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On December 28, 2000, agents Maurice Johnson and Tammy Reynolds of the Mississippi Bureau of Narcotics (MBN) worked with Gina Alieva, a confidential informant, in a controlled buy of cocaine from Hollis Price, Jr. Alieva called Price at his hair salon and arranged a meeting for Johnson to purchase drugs.
¶4. At the “pre-buy” meeting, Agent Johnson received marked funds to purchase the drugs, was fitted with a body transmitter, and given a microcassette recorder. Afterwards, Johnson and Alieva drove to the buy location, a hair salon on Meridian Street in Aberdeen. Agent Reynolds and Officer Quinell Shumpert of the Aberdeen Police Department conducted surveillance and listened to the transmission of the transaction from a vehicle parked nearby. After the buy, Johnson and Alieva returned to the pre-arranged location. The agents followed Johnson from the location of the buy to the pre *410 arranged location. Agent Johnson then delivered the substance and audio devices to Agent Reynolds, the supervisor. Johnson indicated that he purchased $100 worth of alleged crack cocaine from Price, the person whom he met at the hair salon.
¶ 5. Alieva testified that she worked as a paid confidential informant for the MBN and had assisted Agent Johnson and the other officers in the controlled buy. She testified that Price was the person from whom Johnson had purchased the substance.
¶ 6. Alieva admitted having been addicted to drugs but stated she had been rehabilitated. She also admitted to having medical problems but denied that these medical problems affected her memory.
¶ 7. Agent Reynolds testified that she was the case agent for the controlled buy and that she listened to the conversation regarding the purchase through the audio transmitter and recognized the informant’s voice as well as that of Agent Johnson.
¶ 8. Officer Quinell Shumpert of the Aberdeen Police Department indicated that he had had prior conversations with Price, and recognized the voice coming over the transmitter during the transaction as Price’s.
¶ 9. At the conclusion of the State’s case in chief, Price’s attorney moved for a directed verdict. That motion was denied.
¶ 10. Hollis Price, Sr. testified for the defense and stated that he did not recognize any of the voices on the audiotape. Hollis Price, Jr. did not testify.
ISSUES AND ANALYSIS
I.
Whether the verdict is against the overwhelming weight of the evidence.
¶ 11. Price claims that the verdict is against the overwhelming weight of the evidence because there was inadequate eyewitness identification.
¶ 12. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice. Danner v. State, 748 So.2d 844(¶ 7) (Miss.Ct.App.1999).
¶ 13. In his brief, Price argues that the State failed to put on testimony which proved beyond a reasonable doubt that he was the subject who made the sale of cocaine to the officer. He alleges that “because an arrest was not made at the scene, any individual who had been in his business could have made the sale.”
¶ 14. Johnson, Shumpert, and confidential informant Gina Alieva testified regarding the identification of Price. Agent Johnson identified Price as the person who sold the substance to him. Johnson testified that he and Gina Alieva went to a hair salon and met with Price to make the purchase. Johnson testified that he paid Price $100 for the substance. The day after the purchase, Shumpert provided a photograph of Price to Agent Reynolds. Reynolds showed the photograph to Johnson who confirmed that this was the person from whom he purchased cocaine.
¶ 15. Officer Shumpert testified that he recognized Price’s voice based on prior conversations with him.
¶ 16. The confidential informant, Gina Alieva, testified that she had known Price for more than a year prior to the date of the alleged sale. Alieva stated that she *411 was familiar with Price’s place of business and his home. Alieva witnessed the transaction. She indicated that Price sold them $80 worth of crack but she was not sure of the exact amount because Johnson had to pay Price an additional amount due to a prior debt owed by Alieva.
¶ 17. Therefore, upon reviewing all of the evidence presented, in the light most consistent with the verdict, we find that the jury’s verdict was not against the overwhelming weight of the evidence. This Court finds that this issue is lacking in merit.
II.
Whether the trial court erred in denying Price’s motion for a new trial.
¶ 18. Price asks this Court to reverse and remand this case for a new trial due to the lack of sufficient credible evidence in identifying him as the person who allegedly sold the substance to an undercover agent. He makes the same argument stated in issue I in support of his position.
¶ 19. We note that a motion for a new trial does not test the sufficiency but only the weight of evidence. Brooks v. State, 761 So.2d 944(¶ 8) (Miss.Ct.App.2000). This Court will not order a new trial unless we are convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would countenance an unconscionable justice. Id.
¶ 20. As previously stated in issue I, the confidential informant’s testimony was not the sole testimony relied upon in identifying Price as the person who sold the substance to Johnson. In fact, Johnson testified that Price was the person he met with at the hair salon and that Price was the person who sold him $100 worth of alleged crack cocaine. We see find no merit in this issue.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY OF CONVICTION OF THE SALE OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIFTEEN YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION, FINE OF $5,000, AND RESTITUTION OF $300 TO THE MISSISSIPPI CRIME LAB AND $100 TO MISSISSIPPI BUREAU OF NARCOTICS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.